IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **WADE THOMAS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No.  **02-920-CJP** |
| | ) | |
| **BONNIE SULLIVAN, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion in limine, seeking to limit the introduction at trial of evidence, statements and arguments regarding: (1) plaintiff's and plaintiff's witnesses' prior convictions; (2) plaintiff's and plaintiff's witnesses' prior juvenile convictions; (3) any issue not contained in the final pretrial order; (4) plaintiff's "self-mutilation habit;" (5) plaintiff's involvement in other law suits; (6) injuries suffered by plaintiff prior to the injury involved in this action; (7) absence of expert testimony in plaintiff's case; and (8) plaintiff's treatment for mental illness.  **(Doc. 71).**

With respect to prior convictions, the Court will adhere to Federal Rule of Evidence 609, which generally permits evidence of adult convictions, but not juvenile convictions.  However, reference to the details of the crimes themselves will not be permitted, without a showing of good cause.

The final pretrial order generally sets the parameters of relevance.  If an objection is raised to an item of evidence, the Court will rule in accordance with the Federal Rules of Civil Procedure and Federal Rules of Evidence.  However, it is the parties' burden to object to

statements, evidence or argument beyond the matters set forth in the final pretrial order as they are introduced.  The Court will not make a peremptory ruling based on such an amorphous subject.

At this juncture the Court cannot determine the relevance of statements, evidence or argument regarding plaintiff's self-mutilation habit, prior injuries and involvement in other law suits.  Therefore, the Court will have to address specific objections as they arise at trial.

The absence of expert testimony in plaintiff's case-in-chief is likely to arise by way of a jury instruction.  The Court will address that issue if and when it arises at trial.

The relevance of plaintiff's treatment for mental illness remains to be seen. The Court will address any specific objection as it arises at trial.

**IT IS THEREFORE ORDERED** that plaintiff's motion in limine **(Doc. 71)** is **GRANTED IN PART AND DENIED IN PART**, as detailed above.

**IT IS SO ORDERED.**

**DATED: December 29, 2005**

                                    **s/ Clifford J. Proud**
                                    **CLIFFORD J. PROUD**
                                    **U. S. MAGISTRATE JUDGE**